## EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMIRO OLABARRÍA, acusado y apelante.

No. 2688.—*Visto:* Marzo 5, 1926. *Resuelto:* Marzo 31, 1926.

1. DAÑOS MALICIOSOS—INTENCIÓN CRIMINAL—FALTA DE UNA CONSCIENTE INTENCIÓN MALICIOSA.—En un proceso por daños maliciosos, la intención ha de deducirse del acto y sus consecuencias naturales y posibles y no de la falta de una consciente intención maliciosa.

2. DERECHO PENAL—JUICIO—RENUNCIA (*Waiver*) Y CORRECCIÓN DE IRREGULARIDADES Y ERRORES—RESOLUCIONES QUE VAN A LA SUFICIENCIA DE LAS PRUEBAS—RESOLUCIÓN DENEGANDO MOCIÓN DE "NON SUIT".—Si al presentarse moción de *non suit* y ser denegada el acusado presenta su prueba, la presentación de prueba es una renuncia de la moción como tal.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), condenando al acusado por delito de daño malicioso, con costas. *Confirmada.*

*Antonio Reyes Delgado,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En un caso de daños maliciosos la prueba del Gobierno tendió a establecer que el acusado deliberadamente tiró una piedra a un pollo que pertenecía al denunciante; que la piedra dió al pollo y le ocasionó un golpe en una o ambas alas. El pollo murió poco después. La prueba del acusado tendió a demostrar que para espantar a los pollos del denunciante el acusado deseando coger o dar de comer a un pollo de su principal él tiró la piedra y desgraciadamente, según dicho acusado, cogió al pollo del referido denunciante. Todos los pollos al parecer estaban en el mismo sitio o corral.

[1] Ahora bien, es verdaderamente cierto, como sostiene el apelante, que en esta clase de delitos la malicia debe resaltar y su comisión tener lugar intencionalmente sin justa causa o excusa. Este no es el caso de un animal que penetra en un sitio ajeno y en sus hechos es enteramente distinguible del caso de *El Pueblo* v. *Valdés,* 23 D.P.R. 713 discutido por ambas partes. Ese caso, sin embargo, es autoridad al efecto de que puede presentarse prueba para demostrar que eran justos los motivos del acusado.

Si una persona desea espantar pollos no es necesario tirarles con piedras. Cualquiera que así proceda debe intentar las consecuencias naturales o probables de sus actos. La intención ha de deducirse del acto y sus consecuencias naturales y posibles y no sólo de la falta de una consciente intención maliciosa. Esto es dar cierto peso a la prueba del acusado. Por otra parte, del acto deliberado de tirar la piedra y herir al pollo la corte tenía derecho a inferir la malicia y no estaba obligada a creer la declaración del acusado y sus testigos. El acusado no nos convence de que la corte cometió error al apreciar la prueba.

[2] Al terminarse el caso por parte del Gobierno el acusado presentó una moción de sobreseimiento y al ser denegada siguió presentando su prueba. Esta presentación de prueba generalmente es una renuncia a la moción como tal y la única cuestión es si la resolución final de la corte era correcta.

El acusado expresa cierto pesar en tener que molestar a la corte con un asunto en el cual sólo está envuelta una multa de $25. Convenimos con él, sin embargo, en que tenía derecho a tratar de destruir la imputación de malicia que se le hacía y hasta cierto punto por este motivo hemos expresado nuestras razones para confirmar la sentencia, con mayor amplitud de lo que era necesario.

*La sentencia debe ser confirmada.*